This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CORDELIA ABRAM, Deceased,**
**by the Personal Representative for**
**the Wrongful Death Estate,**
**MAE ROSE LOPEZ,**

     Plaintiff-Appellee,

v.                                               **No. 31,850**

**PALOMA BLANCA HEALTH CARE**
**ASSOCIATES, L.L.C. d/b/a PALOMA**
**BLANCA HEALTH and REHABILITATION,**
**L.L.C., ALPHA HEALTH CARE INVESTORS,**
**PROPERTIES, L.L.C., OMEGA HEALTHCARE**
**INVESTORS, INC., SHORELINE HEALTHCARE**
**MANAGEMENT, L.L.C., CENTENNIAL**
**HEALTHCARE MANAGEMENT CORPORATION,**

     Defendants,

and

**SKILLED HEALTHCARE GROUP, INC.,**
**SKILLED HEALTHCARE, L.L.C., CANYON**
**TRANSITIONAL HEALTHCARE and**
**REHABILITATION CENTER, L.L.C., and**
**ADMINISTRATOR, ANMARIE DVORAK,**

     Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Harvey and Foote Law Firm
Dusti D. Harvey
Jennifer J. Foote
Albuquerque, NM

for Appellee

Rodey, Dickason, Sloan, Akin & Robb, P.A.
W. Robert Lasater, Jr.
Sandra L. Beerle
Jocelyn Drennan
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     In our memorandum opinion in this case filed June 17, 2013, this Court affirmed the district court's denial of the motion to compel arbitration of Defendants Skilled Healthcare Group, Inc., Skilled Healthcare, L.L.C., Canyon Transitional Healthcare and Rehabilitation Center, L.L.C., and Administrator, AnMarie Dvorak. *Abram v. Paloma Blanca Health Care Assocs., L.L.C.*, No. 31,850, mem. op. ¶ 13 (N.M. Ct. App. June 17, 2013) (non-precedential).  This Court affirmed the district court, which had ruled that the arbitration agreement at issue in this case, which

"required arbitration of all claims except those of 'collections or discharge of residents,'" was substantively unconscionable. *Id.* ¶¶ 1, 5 (citation omitted). We relied on our Supreme Court cases of *Rivera v. American General Financial Services, Inc.*, 2011-NMSC-033, 150 N.M. 398, 259 P.3d 803, and *Cordova v. World Financial Corp. of New Mexico*, 2009-NMSC-021, 146 N.M. 256, 208 P.3d 901, and our recent cases that interpreted arbitration agreements that "contained the same or similar arbitration provisions as presented in this case[.]" *Abram*, No. 31,850, mem. op. ¶ 5; *Ruppelt v. Laurel Healthcare Providers, L.L.C.*, 2013-NMCA-014, 293 P.3d 902, *cert. denied*, *Ruppelt v. Belen Meadows*, 2013-NMCERT-012, 299 P.3d 422; *Bargman v. Skilled Healthcare Grp., Inc.*, 2013-NMCA-006, 292 P.3d 1, *cert. granted*, 2013-NMCERT-012, 299 P.3d 423; *Figueroa v. THI of N.M.*, 2013-NMCA-077, 306 P.3d 480, *cert. denied*, 2012-NMCERT-010, 297 P.3d 332.

{2}     Our Supreme Court granted certiorari in this case. It subsequently decided *Strausberg v. Laurel Healthcare Providers, L.L.C.*, 2013-NMSC-032, 304 P.3d 409 (*Strausberg II*), reversing this Court's opinion in *Strausberg v. Laurel Healthcare Providers, L.L.C.*, 2012-NMCA-006, 269 P.3d 914 (*Strausberg I*), and holding that the party asserting unconscionability as an affirmative defense has the burden of proving that the contract should not be enforced based on unconscionability. *Strausberg II*, 2013-NMSC-032, ¶ 48. Our Supreme Court then remanded this case

3

"for consideration in light of" its opinion in *Strausberg II*. *Abram*, No. 34,249, order ¶ 4 (N.M. Sup. Ct. Oct. 25, 2013). On remand, this Court requested supplemental briefing "addressing the impact of" *Strausberg II* to this case. *Abram*, No. 31,850, order ¶ 2 (N.M. Ct. App. Oct. 29, 2013).

**{3}** This Court does not believe that the *Strausberg II* case has any impact on this case because *Strausberg I* was not a factor in the decision in this case of either the district court or this Court.

**{4}** *Strausberg I* was decided three days before the district court held its hearing on Defendant's motion to compel arbitration. In announcing its ruling, the district court acknowledged *Strausberg I* but reached a legal conclusion based on the language of the arbitration agreement and on the prior Supreme Court cases of *Rivera* and *Cordova*. Indeed, as discussed in our June 17, 2013 memorandum opinion, this Court has subsequently interpreted *Rivera* and *Cordova* to conclude that the same or similar arbitration provisions as at issue in this case were substantively unconscionable "because they excluded from arbitration the claims most likely to be brought by the health care facility while requiring arbitration of the claims most likely to be brought by residents." *Abram*, No. 31,850, mem. op. ¶ 5.

**{5}** This conclusion did not depend on *Strausberg I*. In *Ruppelt* and *Figueroa* , this Court, as did the district court in this case, decided that the arbitration agreements that

4

were before the Court were substantively unconscionable under the standards of *Cordova* and *Rivera* as a matter of law. *Ruppelt*, 2013-NMCA-014, ¶¶ 16, 18; *Figueroa*, 2013-NMCA-077, ¶ 30.

{6}    In *Strausberg I*, this Court held that "when a nursing home relies upon an arbitration agreement signed by a patient as a condition for admission to the nursing home, and the patient contends that the arbitration agreement is unconscionable, the nursing home has the burden of proving that the arbitration agreement is not unconscionable." 2012-NMCA-006, ¶ 20. In reversing, our Supreme Court reaffirmed that "the party alleging unconscionability . . . bears the burden of proof because unconscionability is an affirmative contract defense, and under settled principles of New Mexico contract law, the party alleging an affirmative contract defense has the burden to prove that the contract is unenforceable on that basis." *Strausberg II*, 2013-NMSC-032, ¶ 39.

{7}    Defendants argue that at least implicitly the district court and this Court relied upon *Strausberg I* in this case. In part, they make their argument based on this Court's statements concerning Defendants' failure to offer evidence to rebut the unreasonableness or unfairness of the facially bilateral exceptions to the arbitration agreement. However, Defendants' obligation arose from the language of the arbitration agreement that was undisputedly before the district court. As we have

5

discussed, the district court reached its legal conclusion as to the import of the exceptions from the language of the agreement.

**{8}** In their supplemental brief, Defendants also question whether the district court could have determined the bilateral collection exception to be substantively unconscionable but for *Strausberg I* and request that this Court remand to the district court to present evidence concerning the exception. In our memorandum opinion, we declined to remand for an evidentiary hearing as to "whether there is a reasonable basis for the exclusions from the arbitration agreement." *Abram*, No. 31,850, mem. op. ¶ 11. We distinguished *Bargman*, in which we issued such a remand when the defendant made such a specific request in its appellate briefing. *Abram*, No. 31,850, mem. op. ¶ 11. In *Bargman*, we remanded because, when the case was in district court, "*Rivera*, *Figueroa*, and *Ruppelt* had not been decided and the burden of proof was not all that clearly determined, and also because it is unclear that the district court would have considered evidence[.]" *Bargman*, 2013-NMCA-006, ¶¶ 23, 24. In our memorandum opinion, we determined that this case was different because Defendants requested on appeal that we reverse the district court and remand "for further proceedings under the correct approach." *Abram*, No. 31,850, mem. op. ¶ 11 (internal quotation marks omitted). Defendants did not request an evidentiary hearing or seek to present evidence to the district court, even in light of *Strausberg I* that had recently

been decided. *Abram*, No. 31,850, mem. op. ¶ 11. Moreover, we determined in our memorandum opinion, that *Rivera* had been essential to the district court's decision. In their supplemental brief, Defendants argue that their request for "further proceedings" on appeal was comparable to the request in *Bargman* for a remand for an evidentiary hearing. We do not agree. Defendants' requested relief was reversal. They did not, as in *Bargman*, specifically request to develop an evidentiary record.

{9}     Nor is this case in the same posture as *Bargman* with respect to existing precedent. As we discussed in our memorandum opinion, *Rivera*, essential to the district court's analysis and decision, was argued extensively to the district court. In addition, although the burden of proof was in flux, as indicated by the *Strausberg I* and *Strausberg II* opinions, as we have discussed, the burden of proof was not a factor in the district court's decision. Based on the history of this case, we decline Defendants' request to remand at this time.

**CONCLUSION**

{10}     We affirm the decision of the district court denying Defendants' motion to compel arbitration.

{11}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**